**220-15**

ORIGINAL

# IN THE COURT OF CRIMINAL APPEALS
# AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 23 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

FEB 27 2015

Abel Acosta, Clerk

## DARRICK DAVON OLIVER, APPELLANT

## VS

## THE STATE OF TEXAS, APPELLEE

APPEALED FROM THE 399TH JUDICIAL
DISTRICT COURT OF BEXAR COUNTY
TEXAS
CAUSE NO. 2012-CR-1844
DIRECT APPEAL No. 04-14-00261-CR

# PETITION FOR DISCRETIONARY REVIEW

DARRICK D. OLIVER

# TABLE OF CONTENTS

TABLE OF CONTENTS_____2

INDEX OF AUTHORITIES_____3

STATEMENT REGARDING ORAL AURGUMENT_____4

STATEMENT OF CASE_____4

STATEMENT OF PROCEDURAL HISTORY_____5

GROUNDS FOR REVIEW_____8

ARGUMENT_____13

PRAYER_____17

APPENDIX

# INDEX OF AUTHORITIES

Ex parte Scarbrough _____ 9, 14

Gutierrez v. State _____ 12, 16

Peterson v. state _____ 12, 16

Robinson v. Black _____ 6

Vann v. State _____ 11, 15

Batson v. kentucky _____ 11, 15

## STATEMENT REGARDING ORAL ARGUMENT

ORAL ARGUMENT WAIVED

## STATEMENT OF CASE

Appellant was charged by a two count indictment as a habitual with retaliation on two public servants to have occurred on December 26, 2011. The Indictment was filed on Febuary 28, 2012 (C.R. pg. 11).

On Febuary 18, 2014, Appellant motion hearing commenced and Appellant selected a jury. A Plea of not guilty was entered on Febuary 19, 2014 (C.R. p. 81). On Febuary 20, 2014, the jury returned two verdicts of guilty as charged (C.R. pgs. 162-163). The court returned two concurrent punishment verdicts on March 28, 2014 (R.R. Vol 4, p. 11, line 25). Two concurrent judgements as a habitual (with court costs of $284.00 and

4

no fine and 30 years in the T.D.C.J.-ID) were entered on March 28, 2014 (C.R. pgs. 168-171).

On Appeal (Direct), Appeallant counsel presented one point of error on trial court error in admitting six unadjudicated extraneous offenses in the guilt-innocence phase which violated Rule 404(b), Texas Rules of Evidence on August 19, 2014.

On February 4, 2015, Court of Appeals affirmed that conviction based on a very vague objection made by appellant's trial counsel during trial.

## STATE OF PROCEDURAL HISTORY

In April, 2014, the trial court appointed the appellate counsel, Vincent D. Callahan, who clearly demonstrated his cahoot with the state, his insanity, and alcoholism disease. See

5

Robinson v. Black, 812 F.2d 1084 (8th Cir. 1987); U.S. v. Cronic, infra.

In May, 2014, appellant wrote ~~D.~~ [D.O.] numerous letters to his appellate counsel, Mr. Callahan, stating points of error that were obviously on the record. Appellant counsel agreed to review those errors but never filed any of them on the appellant's brief. At that time, I realized appellant's counsel would continue to demonstrate his ineffectiveness and his cahoot with the state on this appeal and I began to file letters and motions with the Court of Appeals to withdraw this ineffective counsel.

In the period of time, June, 2014, – December 8, 2014, Appellant filed several motions and letters, pro se, in a desperate attempt to gain effective assistance and withdraw this ineffective counsel of his

6

duty as appellant's appellate counsel, due to the clear concert between the prosecutor, steven spier and Meredith Chacon.

On December 8, 2014 the Court of Appeals ordered a denial of a motion to withdraw appellant's counsel due to it being the day before the submission of the briefs.

On ~~June 20.~~ August 19, 2014, the ineffective counsel filed the appellant's brief containing one point of error without appellant's consultation or knowledge of his actions. Despite the numerous letters sent to the counsel, before and after, the filing of this appellant's brief to consult with him before filing the brief. Counsel failed and/or declined to do so. Ineffective counsel also waived oral argument.

Court of Appeals affirmed appellant

7

appellant's conviction on February 4, 2015.

On October 10, 2014, the State filed the state's Brief containing a series of false entries and wrong citations to the record and appellant's brief in addition to the lack of federal authorities. Oral Argument was waived.

No motion for rehearing was filed.

## GROUNDS FOR REVIEW

Ground for review one / Question for review one:

Appellant argues his speedy trial rights were violated due to the interval between accusation and trial has crossed the threshold dividing ordinary delay from presumptively prejudicial delay. 6th Amendment

Ground for review two / Question for review two:

Appellant argues that his compulsory process rights were violated when the witnesses that

8

were subpoenaed by the state to trial who were involved in the investigation leading to appellants arrest, who were willing to testify on petitioners' behalf about his innocence and provided affadavits to the court and statements to a private investigator proving his innocence, showing that those witnesses testimony was material and necessary to appellant's defense. See 5th Amendment; Ex parte Scarbrough, 604 S.W. 2d 170, 173-74 (Tex. Crim. App. 1980)

## Ground / Question for review three:

Petitioner argues that statements of non-testifying witnesses used during trial violated appellant's confrontation clause rights when the state did not prove unavailability of witnesses. Testifying officers stated Anayka Stairs gave consent to these officers to enter appellant's home. See 6th Amendment

9

## Ground/Question for review four:

Appellant argues that an improper admission of evidence was admitted at trial when the state admitted 3 pictures into evidence that had nothing to do with this retaliation evidence. Also, when a Detective John Schiller testified at trial about a gang member firing bullets into his car and breaking his nose. That gang member was <u>not me</u> and had nothing to do with this retaliation case. His testimony had nothing to do with my trial and since he did not work this case he would have nothing relevant to contribute at trial. The trial court erred in denying appellant's motion for mistrial. See

## Ground/Question for review five:

Appellant argues no African-American

jurors were on appellant's jury at trial. This requires a reversal when the petitioner is African-American and appellant's race was excluded for no other reason other than being African-American. See 14th Amendment; Vann v. State, 788 S.W. 2d 899 (Tex. App.-Dallas, 1990). Appellant urges that the state did D.O. use racial considerations in excluding the African-American venire members. See Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722, 90 L. Ed. 2d 69 (1986). African-American community in San Antonio make up 20% of it's population. About 6 venire members were African American.

Ground/Question for review six:

Appellant argues the threat of "killing Police officers" statement in this Retaliation case was prejudicial and that prejudicial

effect of the statement, court cannot say, did not contribute to the conviction. It's value is substantially outwieghed by it's prejudicial effect. See _Peterson v. State, 836 S.W. 2d 760 (Tex. App. - El Paso, 1992); also Gutierrez v. State, 628 S.W. 2d 57, 62 (Tex. Crim. App. 1980)_

## Ground/Question for review seven:

Appellant argues his _appellant counsel_ was _ineffective_ when he only fited one point of error on appellant's direct appeal. He demonstrated his clear concert and cahoot with the state prosecutors Steven Spier and Meredith Chacon when he refused to fite other constitutionally protected errors in appellant's brief such as: the above mentioned grounds for review. see grounds for review one through six. Apellant _trial counsel_ was ineffective when objections at trial were vague.

12

# ARGUMENT

I. First GROUND FOR REVIEW/ FIRST Question For Review

Petitioner argues his speedy trial rights were violated. On Dec. 26th 2011 petitioner was arrested and charged with 7 different charges agaisnt him. (4 retaliations, 2 Family Violence and 1 resisting arrest) On Feburary 28th I was indicted on 2 of the 4 retaliations and on Feburary 22nd indicted on the other 2 retaliations. On June 10, 2012 I was set for trial only to get reset. On Oct 13 2012, March 3, 2013, August 13, 2013, November 11, 2013 Feburary 11, 2014, and finally Feburary 18, 2014 all trial dates set only to be reset in a clear effort to gain tactical advantage.: see 6th Amendment

II. Ground/Question for review two:

Appellant argues during trial his defense

13

witnesses were material and necessary to his defense. 5th Amendment Appellant's defense witnesses were excluded from trial due to the trial date continually being reset. Trial court/state gained tactical advantage once those defense witnesses, that would testify to appellants innocence, was not able to attend trial due to a subpoena with wrong trial date. See Ex parte Scarbrough, 604 S.W. 2d 170, 173-74 (Tex. Crim. App. 1980)

Ground / Question for review three:

Appellant argues that statements of non-testifying witnesses used in trial are inadmissible. Witnesses were material and necessary for the defense. See 6th Amendment

Ground / Question for review four:

An improper admission of evidence was

14

admitted during trial when 3 pictures were shown to the jury about an assault charge I <u>was</u> <u>not</u> <u>convicted</u> on. The assault charges were dropped due to <u>no</u> assault had taken place. Also, a Detective John Schiller testimony was irrelevant and extremely prejudicial.

<u>Ground/Question for review five:</u>

No African-Americans were on appellant's jury during trial. It is a well-established prejudice that <u>requires</u> <u>a</u> <u>reversal</u> when a defendant's race is excluded for no other reason than being African-American. See 14 Amendment; Vann v. State, 788 S.W. 2d 899 (Tex. App.-Dallas, 1990); Batson v. Kentucky, 476 U.S. 79, 96, 106 S.Ct. 1712, 1722, 90 L.Ed. 2d 69 (1986)

## Ground/Question for review six:

A threat of "killing police officers" statement is highly prejudicial in this retaliation case. The statement's value is substantially outweighed by it's prejudicial effect. See Peterson v. State, 836 S.W. 2d 760 (Tex. App. -El Paso, 1992); Gutierrez v. State, 628 S.W. 2d 57, 62 (Tex. Crim. App. 1980)

## Ground/Question for review seven:

Ineffective Assistance of Counsel did occur in this case both <u>on appeal</u> and <u>in trial</u>. <u>On appeal</u> it occurred when appellant counsel demonstrated his cahoot with the state by not admitting error on the appellant's brief to the court of appeals for review. Error was clear on the record and clear to the appellant. <u>In trial</u>, objections.

16

# PRAYER

Wherefore Premises Considered, Appellant Darrick D. Oliver submits this unlawful conviction, judgement of the trial court should at this time be REVERSED and the Fourth Court of Appeals Opinion be disregarded. Appellant prays to this court order his immediate release from confinement in said cause pursuant to 4th, 5th, 6th and 14th Amendments of the U.S. Constitution.

Respectfully Submitted

D. Oliver

D Oliver (Pro Se)
#1921743
Cotulla Unit
610 FM 624
Cotulla, Tx 78014

17

## <u>Inmates DECLARATION</u>

I, Darrick D. Oliver, am the petitioner and being presently incarcerated in Cotulla Unit, Cotulla, Tx, declare under penalty of perjury that, according to my belief, the facts stated in the above petition are true and correct.

Signed on Febuary 17, 2015.

<u>Darrick Oliver</u>
signature of Petitioner



## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00261-CR

Darrick Davon **OLIVER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2012CR1844
Honorable Ray Olivarri, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  February 4, 2015

AFFIRMED

A jury found appellant Darrick Davon Oliver guilty of two counts of retaliation by threatening to harm two police officers based on their status as public servants. In his sole issue on appeal, Oliver argues the trial court erred in admitting evidence of six extraneous offenses. We affirm the trial court's judgment.

### BACKGROUND

Given our disposition of Oliver's sole complaint, a detailed rendition of the facts is unnecessary. Accordingly, we provide a very brief statement of the facts for context.

According to one of the witnesses, who was Oliver's common law wife, Oliver assaulted her, her sister, and her friend after returning home late one evening. The argument started when Oliver removed his and his wife's baby from its crib against his wife's wishes. Oliver slammed his wife's hand in the bedroom doorway, punched his wife's sister in the jaw, and ultimately, threw all three women out of the house. The wife called police. By the time San Antonio police officers Matthew Martin and Vincent Giardino arrived, Oliver had locked all three women out of the house. Ultimately, the officers arrested Oliver based on outstanding warrants. However, before the officers could remove him from the home, Oliver verbally threatened his wife, her sister, and her friend, reminding them of his gang affiliation. Oliver made similar threats against the officers, prompting the retaliation charges.[1]

Oliver was charged as a habitual offender with two counts of retaliation. After a jury found him guilty, the trial court sentenced Oliver to thirty years' confinement. Thereafter, Oliver perfected this appeal.

## ANALYSIS

In his sole issue on appeal, Oliver argues the trial court erred in admitting, over his objection, evidence of six extraneous offenses — three aggravated assaults and three terroristic threats — during the guilt–innocence phase of the trial. According to Oliver, under Rule 404(b) of the Texas Rules of Evidence, such evidence is not admissible at the guilt–innocence phase of the trial. The State counters, arguing Oliver did not preserve this issue for our review because Oliver's trial objection does not comport with his complaint on appeal.

To preserve error for our review, a party must object and state "the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial

---

[1] Section 36.06 makes it an offense to threaten to harm another by an unlawful act in retaliation for, or on account of, another's service or status as a public servant. TEX. PENAL CODE ANN. § 36.06(a)(1)(A) (West 2011).

court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a). The objection must be sufficiently clear to give the judge and opposing counsel an opportunity to address the complaint and, if necessary, correct the purported error. *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009); *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). The objection at trial must also comport with the complaint raised on appeal; otherwise, the complaint is waived. *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005); *Lemon v. State*, 298 S.W.3d 705, 708 (Tex. App.—San Antonio 2009, pet. ref'd). In determining whether a complaint on appeal comports with one made at trial, we look to the context of the objection and the shared understanding of the parties at the time. *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

The State sought to introduce testimony from Officer Martin regarding statements made to him by the three female witnesses and the statements made by Oliver to the three female witnesses at the time of the arrest. The State intended to have Officer Martin testify about what the women said to him regarding Oliver's alleged assaults on them as well as the "gang affiliation" threats Oliver made to the women. To determine the admissibility of the statements, the trial court held an evidentiary hearing outside the presence of the jury.

During the hearing, the State argued the statements made by the three female witnesses regarding the alleged assaults constituted admissible hearsay based on the theories of present sense impression and excited utterance. *See* TEX. R. EVID. 803(1), (2). As to the gang affiliation statements made by Oliver to the women, the State claimed they were extremely relevant to the charged offenses. In response to the State's argument, Oliver's counsel requested that if the trial court intended to grant the State's request to admit the women's statements, that it consider admitting into evidence statements by the women *recanting* their original statements to the officer. The trial court ruled the evidence was admissible, and Oliver's counsel simply stated, "Note my

exception —" and "note our objection to the court's ruling." Counsel for Oliver made no objection based on Rule 404(b) — or any other rule — and made no further argument with regard to the statements. When the statements were admitted into evidence, Oliver's counsel made no additional objections to the statements.

After reviewing the vague objection made by Oliver's counsel in the context of the hearing and considering the shared understanding of the parties at the time, we conclude the trial court and the parties understood Oliver's objection to be that the evidence was inadmissible hearsay or irrelevant as these are the only two bases mentioned by the State for the admission of the evidence. Oliver did not assert anything other than a vague, non-specific "objection" to the trial court's ruling. He never stated or implied the statements should be excluded as extraneous offenses under Rule 404(b) of the Texas Rules of Evidence. On appeal, however, Oliver argues the evidence constituted inadmissible extraneous offenses and therefore, should have been excluded.

First, we hold Oliver's objection was not specific. *See* TEX. R. APP. P. 33.1(a). Moreover, the objection, when considered in context, referenced hearsay and relevancy — there was no mention of Rule 404(b) or extraneous offenses. While we are not hyper-technical in the examination of whether error was preserved, we conclude Oliver's trial objection does not comport with the extraneous offense complaint raised on appeal. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1993) (en banc) (holding that hearsay and relevancy objections made at trial did not comport with claim of inadmissible extraneous offense evidence on appeal); *Batiste v. State*, 217 S.W.3d 74, 82 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that relevancy objection at trial could not be interpreted as objection to evidence as inadmissible extraneous offense). Accordingly, we hold Oliver failed to preserve his Rule 404(b) complaint for appellate review, and overrule his sole issue.

## CONCLUSION

Based on the foregoing, we hold Oliver waived his sole appellate complaint, and we therefore affirm the trial court's judgment.

Marialyn Barnard, Justice

Do Not Publish